USCA1 Opinion

 

 United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 95-1440 ALVAN H. WOLF, Plaintiff, Appellee, v. RELIANCE STANDARD LIFE INSURANCE COMPANY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Charles B. Swartwood, III, U.S. Magistrate Judge] ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ James A. Young with whom Michael J. Burns, Christie, Pabarue, _______________ _________________ ___________________ Mortensen & Young, P.C. and Cheri L. Crow were on brief for appellant. _______________________ _____________ William E. Bernstein with whom Barbara S. Liftman and Weinstein, ____________________ __________________ __________ Bernstein & Burwick, P.C. were on brief for appellee. _________________________ ____________________ December 11, 1995 ____________________ STAHL, Circuit Judge. Plaintiff-appellee Alvan STAHL, Circuit Judge. ______________ Wolf prevailed in his jury-tried contract action against defendant-appellant Reliance Standard Life Insurance Company ("Reliance") for denial of disability benefits. Reliance appeals the trial court's ruling that ERISA preemption is an affirmative defense which Reliance waived by failing to plead it timely. We affirm. I. I. __ BACKGROUND BACKGROUND __________ We begin by reciting the facts in the light most favorable to the verdict. See Aetna Cas. Sur. Co. v. P & B ___ ___________________ _____ Autobody, 43 F.3d 1546, 1552 (1st Cir. 1994). ________ Wolf founded Brookfield Factory Outlet, Inc. ("Brookfield"), a now-defunct chain of shoe stores. During Brookfield's heyday, Wolf earned approximately $8,000 per month as its President and Chief Executive Officer. In the fall of 1988, he was diagnosed with severe depression, apparently resulting from business and personal difficulties. In the spring of 1989, Wolf experienced heart problems requiring a brief hospitalization. Thereafter, Wolf continued to work until April 24, 1989, when he suffered a massive heart attack. From the time of Wolf's depression diagnosis in 1988 until his heart attack in 1989, he actually drew only $500 per week of his $8,000 per month salary due to -2- 2 Brookfield's ongoing financial problems. There was conflicting testimony at trial as to whether Wolf actually was entitled to the unpaid remainder of his salary, which Wolf asserted the company owed him as a debt payable. The insurance policy under which Wolf sought recovery took effect on February 1, 1985. The policy provided a monthly benefit to a disabled employee equal to sixty percent of "covered monthly earnings," defined as "the insured's basic monthly salary received from [the employer] on the day just before the date of total disability." In September 1990, Wolf filed a claim for disability benefits. Reliance denied the claim in May 1991, stating that Wolf had neither proved that he was a full-time employee when he became disabled nor that he was totally disabled, and that Wolf was late giving notice of his claim. In January 1992, Wolf, a Massachusetts citizen, sued Reliance in Massachusetts state court alleging breach of contract and unfair trade practices. Reliance, an Illinois corporation with its principal place of business in Pennsylvania, removed the suit, based on diversity, to the United States District Court for the District of Massachusetts. 28 U.S.C. 1441, 1332. The parties consented to trial before U.S. Magistrate Judge Charles B. Swartwood III. On October 25, -3- 3 1994, one week before trial, Reliance filed several motions,1 each asserting, for the first time, that Wolf's state law claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. 1001- 1461. The trial court denied the motions, ruling that ERISA preemption was an affirmative defense which Reliance waived by failing to plead it in a timely manner. The trial court then denied Reliance leave to amend its pleadings, finding undue delay by Reliance and significant prejudice to Wolf if, on the eve of trial, Reliance were allowed to change the entire legal basis for its opposition to Wolf's claim by its introduction of an ERISA preemption defense.2 The breach of contract claim was tried to a jury on November 2-4, 1994, resulting in a special verdict for Wolf. The jury found that Wolf's basic monthly salary was $8,000 per month on the day before he became totally disabled. The trial court entered judgment for Reliance on the unfair trade practices claim, and Wolf does not appeal from that judgment. In December 1994, the trial court issued a memorandum decision calculating Wolf's damages to be  ____________________ 1. Specifically, Reliance filed motions to dismiss for failure to state a claim, to strike Wolf's jury trial demand, and to apply an arbitrary and capricious standard of review. 2. The only previous indication of any possible ERISA preemption argument in this litigation was an exchange of letters dated May 31, 1991 and July 29, 1991 between Reliance and Wolf's attorney, each making a single passing reference to ERISA. -4- 4 $196,606.72 plus interest and future payments.3 Reliance then filed a renewed motion for judgment as a matter of law and, alternatively, a motion for a new trial, and both were denied. This appeal followed. II. II. ___ DISCUSSION DISCUSSION __________ The principal issue before us is whether ERISA preemption is jurisdictional, and thus may be raised at any point in litigation, or an affirmative defense, waivable if not pleaded timely. A related issue is whether the trial court abused its discretion in denying Reliance leave to amend its pleadings to add an ERISA preemption defense. A. ERISA Preemption ____________________ Whether ERISA preemption is jurisdictional or a waivable affirmative defense is a pure question of law that we review de novo. See Correa v. Hospital San Francisco, No. __ ____ ___ ______ ______________________ 95-1167, 1995 WL 627505, at *6 (1st Cir. Oct. 31, 1995). Reliance argues that because there is a "compelling policy" in favor of application of federal ERISA law to this claim, ERISA preemption is jurisdictional4 and therefore  ____________________ 3. The parties stipulated that if Reliance was found liable to Wolf, the trial court would calculate the damages. 4. We note that although Reliance did not use the term "jurisdictional," that is the thrust of its argument. -5- 5 nonwaivable.5 The foundation of the argument is ERISA's broad preemption provision: ERISA [with a few inapplicable exceptions] "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . . " 29 U.S.C. 1144(a). One of Congress's intentions in enacting ERISA, as divined through legislative history, was to encourage the growth of private employee benefit plans by replacing diverse state laws with a nationally uniform federal common law regulating employee benefit plans.6 Treating ERISA preemption as non- jurisdictional and therefore waivable would, so the argument goes, frustrate that intent, subjecting employee benefit plans to regulation and litigation under fifty non-uniform bodies of state law. The costs of adapting to and litigating under non-uniform state law and the potential for liability and damages beyond that permitted under ERISA would deter employers from enacting benefits plans. Thus, courts should  ____________________ 5. See Insurance Corp. of Ireland, Ltd. v. Compagnie des ___ __________________________________ _____________ Bauxites de Guinee, 456 U.S. 694, 702 (1982) (explaining that __________________ subject matter jurisdiction is nonwaivable); see generally ___ _________ George Lee Flint, Jr., ERISA: Nonwaivability of Preemption, ____________________________________ 39 U. Kan. L. Rev. 297 (1991) (arguing that courts should hold ERISA preemption nonwaivable). 6. ERISA's House sponsor, Representative Dent, described the "reservation to Federal authority [of] the sole power to regulate the field of employee benefit plans" as ERISA's "crowning achievement." 120 Cong. Rec. 29197 (1974). Senator Williams commented that ERISA's preemption will have the effect of "eliminating the threat of conflicting or inconsistent State and local regulation of employee benefit plans." Id. at 29933. ___ -6- 6 hold that ERISA preemption is jurisdictional and not waivable, consistent with the congressional intent to create and apply a uniform federal law regulating employee benefit plans. While the foregoing argument is not without merit, it is precluded by precedent. The Supreme Court analyzed at length the legislative history behind ERISA's preemption provision in Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44- ___________________ _______ 46, 52-57 (1987), focusing on the civil enforcement scheme of 502(a) of ERISA (29 U.S.C. 1132(a)), under which a plan participant can bring a suit for benefits due. The Court concluded that Congress intended to create an exclusive federal remedy, with a "pre-emptive force . . . modeled after 301" of the Labor Management Relations Act ("LMRA"), 29 U.S.C. 185. Pilot Life, 481 U.S. at 52. Accordingly, the __________ Court held that ERISA preempts all state law causes of action for benefits due under an ERISA plan. Id. at 57. Pilot Life ___ __________ did not present the question whether ERISA preemption was a jurisdictional matter or a waivable defense, but the Supreme Court made clear that courts deciding the scope of ERISA preemption should look to LMRA preemption decisions for guidance. Id. at 54-55. ___ The Pilot Life decision explains that ERISA's ___________ preemption clause and civil enforcement scheme entirely displaced state law causes of action for benefits claims -7- 7 under ERISA plans. Id. at 55-57. If state law is ___ "displaced," then arguably there is no subject matter jurisdiction over a state law cause of action for benefits due. Lack of subject matter jurisdiction is, of course, a nonwaivable defense and may be raised at any time. Insurance _________ Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, _______________________ _________________________________ 456 U.S. 694, 702 (1982). That jurisdictional argument is unavailing, however, because this Circuit has squarely held that LMRA preemption is waivable. Sweeney v. Westvaco Co., __ _______ _____________ 926 F.2d 29, 40 (1st Cir.) (Breyer, C.J.), cert. denied, 502 _____ ______ U.S. 899 (1991). Given that the Supreme Court in Pilot Life __________ explicitly directed courts to treat ERISA preemption like LMRA preemption, 481 U.S. 51-56, Judge (now Justice) Breyer's analysis in Sweeney leads us to conclude that ERISA _______ preemption is also waivable. The rationale behind Sweeney's holding that LMRA _________ preemption is waivable applies with equal force to ERISA preemption. The Sweeney court began with an analysis of _______ International Longshoremen's Ass'n v. Davis, 476 U.S. 380 ___________________________________ _____ (1986), a National Labor Relations Act ("NLRA") preemption case. See 29 U.S.C. 157, 158. In Davis, the Supreme ___ _____ Court held that NLRA preemption is jurisdictional, and therefore nonwaivable, because NLRA preemption dictates the choice of forum (i.e., whether a court or the National Labor _____ Relations Board ("NLRB") has the power to hear the case) as -8- 8 opposed to simply the choice of law (i.e., whether state or ___ federal law applies). See id. at 398-99. Sweeney stressed ___ ___ _______ that the Supreme Court itself carefully limited its holding in Davis to 7 and 8 of the NLRA and not other statutes. _____ Sweeney, 926 F.2d at 38. Those sections evidence a _______ Congressional intent to "refuse[] to permit parties to submit such a dispute to the courts even where the parties themselves wished to do so." Id. at 38-39. In Sweeney, this ___ _______ court determined that LMRA preemption, unlike NLRA preemption, "concerns what law a decision maker must apply, ___ not what forum must decide the dispute." 926 F.2d at 39. _____ Based on that premise, the panel in Sweeney applied the _______ converse of the Davis rule, holding that LMRA preemption is _____ waivable because it affects the choice of law, not the choice of forum. Id. at 39-40. ___ Like LMRA preemption, ERISA preemption in a benefits-due action does not affect the choice of forum, because ERISA's jurisdictional provision provides that "State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions," __________ ____________ 29 U.S.C. 1132(e)(1) (emphasis added), "brought by a participant or beneficiary to recover benefits due." 29 U.S.C. 1132(a)(1)(B). The plain language of 1132 tells us that if a plaintiff brought a "benefits-due" action in state court and the defendant pleaded ERISA preemption, this -9- 9 would not deprive the court of jurisdiction over the subject matter; rather, ERISA preemption in that situation would dictate the applicable law. Preemption is, as Sweeney says, _______ ultimately "a matter of Congressional intent, as embodied, explicitly or implicitly, in a particular federal statute." Sweeney, 926 F.2d at 38. In considering that intent, we are _______ guided by a number of factors. It is instructive, though not necessarily dispositive, that ERISA, like the statute in Sweeney, is a choice of law rather than a choice of forum _______ statute. We also believe that the interests in uniformity which Congress hoped to serve in ERISA did not extend to permitting defendant corporations, often more sophisticated about ERISA than individual plaintiffs, to sit on their hands and not claim the defense until the last minute. Cf. ___ Williams v. Ashland Eng'g Co., Inc., 45 F.3d 588, 593 (1st ________ ________________________ Cir.) (emphasizing the importance of protecting against the strategic use of a last minute ERISA preemption defense), cert. denied, 116 S. Ct. (1995). That employers were meant _____ ______ to enjoy the benefits of uniformity did not mean they could not forego those benefits. Other courts, including the Fifth and Ninth Circuits have held that ERISA preemption is waivable. See ___ Dueringer v. General Am. Life Ins. Co., 842 F.2d 127, 130 _________ ___________________________ (5th Cir. 1988) (holding that ERISA preemption is waivable); Gilchrist v. Jim Slemons Imports, Inc., 803 F.2d 1488, 1497 _________ __________________________ -10- 10 (9th Cir. 1986) (same); Rehabilitation Inst. of Pittsburgh v. __________________________________ Equitable Life Assur. Soc'y, 131 F.R.D. 99, 101 (W.D. Pa. ____________________________ 1990) (same), aff'd, 937 F.2d 598 (3d Cir. 1991). _____ An apparent majority of state courts addressing the question have reached the same conclusion. See Gorman v. ___ ______ Life Ins. Co. of N. Am., 811 S.W.2d 542, 546 (Tex.) (holding _______________________ that ERISA preemption is waivable when it does not deprive a state court of jurisdiction), cert. denied, 502 U.S. 824 _____ ______ (1991); Curry v. Cincinnati Equitable Ins. Co., 834 S.W.2d _____ ______________________________ 701, 703 (Ky. Ct. App. 1992) (same); Hughes v. Blue Cross of ______ _____________ N. Cal., 263 Cal. Rptr. 850, 861 (Cal. Ct. App. 1989) (same), _______ cert. dismissed, 495 U.S. 944 (1990); Associates Inv. Co. v. _____ _________ ___________________ Claeys, 533 N.E.2d 1248, 1251 (Ind. Ct. App. 1989). But see ______ _______ Chestnut-Adams Ltd. Partnership v. Bricklayers and Masons ________________________________ ________________________ Trust Funds of Boston, Mass., 612 N.E.2d 236, 238 (Mass. _______________________________ 1993) (holding that the preemption intended by Congress in enacting ERISA is so broad as to make it jurisdictional and therefore nonwaivable); Barry v. Dymo Graphic Sys., Inc., 478 _____ _______________________ N.E.2d 707, 712 (Mass. 1985) (same).7 Accordingly, we hold that ERISA preemption in a benefits-due action is waivable, not jurisdictional, because  ____________________ 7. We are, of course, not bound by the Massachusetts Supreme Judicial Court's interpretation of a federal statute or the Congressional intent behind it. -11- 11 it concerns the choice of substantive law but does not implicate the power of the forum to adjudicate the dispute.8 We now turn to the question whether ERISA preemption must be pleaded as an affirmative defense. Federal Rule of Civil Procedure 8(c) requires that a responsive pleading set forth certain enumerated affirmative defenses as well as "any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c); see ___ generally 5 Charles A. Wright & Arthur R. Miller, Federal _________ _______ Practice and Procedure 1271 (1990). The First Circuit test ______________________ for whether a given defense falls within the Rule 8(c) "residuary" clause is whether the defense "shares the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to." Jakobsen ________ v. Mass. Port Auth., 520 F.2d 810, 813 (1st Cir. 1975). _________________ ERISA preemption shares this characteristic insofar as it would bar Wolf from recovering on his state law contract claim even if Reliance admitted Wolf's allegations. Therefore we hold that ERISA preemption in a benefits-due action is an affirmative defense and, as such, it is subject to waiver if not timely pleaded.  ____________________ 8. Our holding is limited to ERISA preemption of benefits- due actions. ERISA permits several other types of civil actions (e.g., for injunctive relief, for breach of fiduciary duty, etc.) subject to exclusive jurisdiction in the federal courts rather than concurrent jurisdiction. See 29 U.S.C.  ___ 1132(a)(1)(A), 1132(a)(2)-(6), 1132(e)(1). -12- 12 Several courts, including this Circuit in dictum, ______ have held that ERISA preemption in benefits-due actions must be pleaded timely as an affirmative defense. See Williams v. ___ ________ Ashland Eng'g Co., Inc., 45 F.3d 588, 593 & n.7 (1st Cir.) ________________________ (stating, in dictum, that ERISA preemption is an affirmative ______ defense, but finding no waiver when pleaded six months before summary judgment), cert. denied, 116 S. Ct. 51 (1995); _____ ______ Dueringer, 842 F.2d at 129-130 (5th Cir. 1988) (holding that _________ ERISA preemption must be pleaded as an affirmative defense); Rehabilitation Inst., 131 F.R.D. at 100-01 (W.D. Pa. 1990) ____________________ (same), aff'd, 937 F.2d 598 (3d Cir. 1991); Gorman, 811 _____ ______ S.W.2d at 546 (Tex. 1991) (same); Curry, 834 S.W.3d at 703 _____ (Ky. Ct. App. 1992) (same); but see Chestnut-Adams, 612 ___ ___ ______________ N.E.2d at 238 (Mass. 1993) (holding that ERISA preemption is jurisdictional and therefore not waivable). B. Amendment of the Pleadings ______________________________ Having concluded that ERISA preemption is an affirmative defense, it follows that the trial court correctly treated Reliance's attempt to raise ERISA preemption as a motion seeking leave to amend the pleadings.9 We now address whether the trial court abused its discretion in denying Reliance leave to amend.  ____________________ 9. At oral argument on the eleventh-hour motions, Reliance conceded the true goal of the motions: "It's not to dismiss the complaint per se, it's just to substitute ERISA for the ___ __ breach of contract under state law." -13- 13 Whether or not to grant leave to amend the pleadings is within the discretion of the trial court and the court's decision will be reversed only upon a showing of abuse of that discretion. Manzoli v. Commissioner, 904 F.2d _______ ____________ 101, 107 (1st Cir. 1990). Failure to plead an affirmative defense generally results in waiver of the defense and its exclusion from the case. Conjugal Partnership v. Conjugal Partnership, 22 F.3d ____________________ ____________________ 391, 400 (1st Cir. 1994). An affirmative defense must be pleaded in the answer in order to give the opposing party notice of the defense and a chance to develop evidence and offer arguments to controvert the defense. Knapp Shoes, Inc. _________________ v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1226 (1st Cir. _________________________ 1994). Reliance conceded at oral argument that ERISA preemption was an affirmative defense. It argued, however, that having raised in its answer a broad "failure to state a claim upon which relief may be granted" defense, see Fed. R. ___ Civ. P. 12(b)(6), this defense allowed it to later, a week before trial, raise the specific defense of ERISA preemption. Cf. Williams, 45 F.3d at 593. In Williams, this court ___ ________ ________ enunciated a test to determine when a general, non-specific defense of failure to state a claim, see Fed. R. Civ. P. ___ 12(b)(6), as Reliance originally filed, is sufficient to preserve the affirmative defense of ERISA preemption. "[A]n -14- 14 inquiring court must examine the totality of the circumstances and make a practical, commonsense assessment about whether Rule 8(c)'s core purpose -- to act as a safeguard against surprise and unfair prejudice -- has been vindicated." Id. In Williams, the defendant raised ERISA ___ ________ preemption well before the close of discovery, and six months prior to the filing of cross-motions for summary judgment. Id. The issue was briefed by both sides on summary judgment ___ and thus we found that no "ambush" had occurred. Id. In the ___ instant case, however, Reliance did not raise ERISA preemption in its answer, at the pretrial hearings, in the pretrial memoranda, or at any point during discovery, but rather raised it only five days before trial.10 As this Circuit recently said in another case of waiver, "[t]he chronology of the case speaks volumes about the lack of timeliness." Correa v. Hospital San Francisco, No. 95-1167, ______ ______________________ 1995 WL 627505, at *8 (1st Cir. Oct. 31, 1995). The trial court denied leave to amend because of the undue delay by Reliance in raising the issue11 and the  ____________________ 10. Reliance argues that the previously referenced exchange of letters was sufficient to put Wolf on notice that Reliance intended to pursue an ERISA preemption defense. See supra ___ _____ note 2. We cannot agree that the passing references in those letters are the legal equivalent of pursuing a defense in court. 11. When the trial judge asked Reliance at oral argument why ERISA preemption was not raised earlier, counsel explained: "I sat down a couple weeks ago to start doing jury instructions and things in the case and realized that this -15- 15 substantial prejudice to Wolf if amendment were allowed. It is well within a court's discretion to find prejudice where the amendment "substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation." See 6 Wright & Miller, supra, 1487, at 623. ___ _____ This is precisely such a case: Reliance sought to change the theory of the case five days before trial, which would have forced Wolf to conduct additional discovery, research, and preparation on the ERISA-related issues.12 We hold that, based on these considerations, there was no abuse of discretion in denying leave to amend. C. Reliance's Other Arguments ______________________________ We have considered appellant's other assertions of error and find them to be without merit. III. III. ____ CONCLUSION CONCLUSION __________ For the foregoing reasons, the judgment of the trial court is Affirmed. Costs to appellees. Affirmed Costs to appellees ________ __________________  ____________________ was a case that should be done by ERISA . . . . I had made myself . . . knowledgeable about ERISA in the last couple of weeks. It's not an area of my normal practice." 12. Despite the briefing by both parties on the merits of ERISA preemption, we have no occasion to reach the issue, because we find that the argument was waived. -16- 16